UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES,

    Plaintiff,

vs.

GLENN ALLEN WARE,

    Defendant.

Case No. 3:15-cr-00096-RCJ-WGC

**ORDER**

Defendant moves for compassionate release, claiming that his fear of contracting COVID-19 constitutes an extraordinary and compelling reason which justifies his immediate release or transfer to home confinement. Finding that this circumstance is not extraordinary and compelling, the Court denies the motion.

**FACTUAL BACKGROUND**

After a Nevada state court previously convicted Defendant for possession of child pornography, (Presentence Rep. at 9), police again found Defendant committing this crime in October 2015, (*Id.* at 3–4). Defendant pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(b)(1). (ECF No. 37.) The Court sentenced Defendant to 120 months in prison. (ECF No. 52.)

He is currently incarcerated in FCI Lompoc with a projected release date of April 19, 2024. *Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on May 28, 2020). The COVID-19 epidemic ravaged this facility. *See, e.g.*, Richard Winton, *70% of Inmates Test Positive for Coronavirus at Lompoc Federal Prison*, L.A. Times (May 9, 2020), https://www.latimes.com/california/story/2020-05-09/coronavirus-cases-lompoc-federal-prison-inmates. However, only nineteen inmates and eight staff members have confirmed, active cases as of May 28, 2020. *COVID-19 Coronavirus: COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 28, 2020).

Currently, Defendant is seventy-one years old and claims that he is prediabetic and has a serious heart condition, a first-degree AV Block. His medical records do indicate that, on October 13, 2018, his glucose level was high, but they also show that his hemoglobin A1C was within the normal limits—indicating neither diabetes nor an "increased risk" of diabetes. (ECF No. 69 at 73–74.)[1] From these conditions, he further concludes he is at a high risk of becoming severely ill from COVID-19. The CDC has indicated that people over sixty-five years old and people with certain heart conditions or diabetes have a high risk of becoming severely ill from COVID-19. *Coronavirus Disease 2019 (COVID-19): Groups at Higher Risk for Severe Illness*, Ctr. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 26, 2020). This list does not, however, explicitly include persons with a first-degree AV block or those with prediabetes. *Id.*

Defendant did not originally claim he requested the warden to file a motion on his behalf. (ECF No. 65 at 5:1–2.) But he currently shows he did make such a request and the warden denied it on May 4, 2020, but he does not indicate when the warden received it. (ECF No. 71.)

---

[1] The Government submitted Defendant's medical history, (ECF No. 69), as a single filing without page numbers. To avoid confusion, citations to this document refer to the page numbers located in the docket stamp at the top of the page.

## LEGAL STANDARD

A district court may not generally "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is that a court may grant a reduction to a term of imprisonment "(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" based on "extraordinary and compelling reasons." § 3582(c)(1)(A). Congress delegated the sole authority to determine what constitutes extraordinary and compelling to the Sentencing Commission. 28 U.S.C. § 994(a)(2)(C) (requiring the Commission to promulgate policy statements for § 3582(c)); *id.* § 994(t) ("The Commission . . . shall describe what should be considered extraordinary and compelling reasons for sentence reduction . . . ."); *see Dillon v. United States*, 560 U.S. 817, 820 (2010) (holding that the Commission's policy statements are binding). Before granting such relief, the court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable" and find that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Either the Director or a defendant may bring a motion under § 3582(c)(1)(A). A court, however, may not consider a motion brought by a defendant unless he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

## ANALYSIS

Defendant argues his possible exposure to COVID-19 while incarcerated is an extraordinary and compelling reason for his release. The Government opposes the motion, maintaining Defendant has not exhausted his claim, his circumstance is not extraordinary and compelling, and he is a danger to the community. Assuming, *arguendo*, Defendant properly

exhausted his claim and is not a danger to the community, he has not shown an extraordinary and compelling reason for the requested reduction. Accordingly, the Court denies the motion without addressing the other arguments.

For motions under § 3582(c)(1)(A), the Commission issued its applicable policy statement as U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13 (U.S. Sentencing Comm'n 2018). Under this policy statement, compassionate release is only available where, as relevant here, a defendant proves (1) "[e]xtraordinary and compelling reasons warrant the reduction" and (2) he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13(1)(A), (2). It also provides an exclusive list of circumstances that qualify as extraordinary and compelling:

1. The defendant is suffering from a terminal illness . . . . [Or] [t]he defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
2. The defendant is at least 65 years old[,] is experiencing a serious deterioration in physical or mental health because of the aging process[,] and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
3. The death or incapacitation of the caregiver of the defendant's minor child or minor children[,] [or] [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
4. *As determined by the Director of the Bureau of Prisons*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, [those described above].

§ 1B1.13 cmt. n.1(A)–(D) (emphasis added).

The Commission last modified § 1B1.13 a month before the President signed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, into law. The Act materially altered § 3582(c)(1)(A) as previously only the Director could bring a motion for compassionate release. *Compare* § 3582(c)(1)(A) (2018) *with* § 3582(c)(1)(A) (2002) (amended 2018). Section 1B1.13

fails to reflect this change and still states that it applies to "motion[s] of the Director . . . under . . . § 3582(c)(1)(A)" without mentioning motions brought by a defendant.[2] As a consequence, courts have struggled to determine whether the list of extraordinary and compelling reasons under § 1B1.13 is still binding, especially since the Act was meant to increase the use of this safety valve. *See* First Step Act § 603(b) (titled "Increasing the use and transparency of compassionate release"); *see also FTC v. Mandel Bros., Inc.*, 359 U.S. 385, 388–89 (1959) ("[A title of an act,] though not limiting the plain meaning of the text . . . [may] nonetheless [be] a useful aid in resolving an ambiguity.").

Many defendants, as here, have sought relief based on exigent circumstances not detailed by § 1B1.13, claiming that this amendment invalidated the entire policy statement or, at least, invalidated the provision that only the Director can determine "other reasons" for relief. *See, e.g.*, *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). These defendants have had some success, as several courts have found § 1B1.13 is no longer binding. *See United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) ("A growing number of district courts have concluded this means the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release.").

In so ruling, some courts have stated that the policy statement is inapplicable because it does not interpret the current version of the statute. *See, e.g.*, *United States v. Cantu*, 423 F. Supp. 3d 345, 350 (S.D. Tex. 2019). Others have concluded the Director is no longer the only party able to determine other extraordinary and compelling reasons under § 1B1.13, based on the fact that he is no longer the only party capable of bringing such motions. *See, e.g.*, *United States v. Redd*, No.

---

[2] The Commission does not currently have the ability to amend § 1B1.13 due to a lack of sufficient voting members seated. *See* § 994(a) (requiring the "affirmative vote of at least four members of the Commission" to promulgate guidelines and statements); *Organization*, U.S. Sentencing Comm'n, https://www.ussc.gov/about/who-we-are/organization (last visited May 20, 2020) (showing only two voting members seated on the Commission).

1:97-CR-00006-AJT, 2020 WL 1248493, at *7 (E.D. Va. Mar. 16, 2020) ("Application Note 1(D)'s prefatory language, which requires a determination by the . . . Director, is, in substance, part and parcel of the eliminated requirement that relief must be sought by the . . . Director in the first instance . . . ."). Still more have relied on the legislative intent to increase the grants of compassionate release. *See, e.g.*, *United States v. Lopez*, No. 18-CR-2846 MV, 2020 WL 2489746, at *1 (D.N.M. May 14, 2020).

On the other hand, some courts have held that the definition of "extraordinary and compelling reasons" under § 1B1.13 remains binding because Congress has not changed the fact that the Commission—not the courts—is to define this term. *See, e.g.*, *United States v. Strain*, No. 3:97-CR-00004-TMB, 2020 WL 1977114 (D. Alaska Apr. 24, 2020). Section 994(t) reads, "The Commission . . . shall describe what should be considered extraordinary and compelling reasons . . . ." Indeed, Congress has not amended § 994 since 2006. Thus, one court concluded, "If the policy statement needs tweaking . . . , that tweaking must be accomplished by the Commission, not by the courts." *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019). This Court agrees with *Lynn* and *Strain*.

When the Commission promulgated the latest amendment to § 1B1.13, it provided a definition of "extraordinary and compelling reasons," which applied to every motion brought under § 3582(c)(1)(A). While the First Step Act expanded the scope of who could bring such motions, it did not affect the rest of the policy statement, including how the Commission defined "extraordinary and compelling reasons," nor its partial delegation of this authority to the Director. *See Strain*, No. 3:97-CR-00004-TMB, 2020 WL 1977114, at *4 ("Nothing in the First Step Act nullifies, amends, or expressly contradicts the definition of 'extraordinary and compelling reasons' provided by U.S.S.G. § 1B1.13."). As for the legislative history, it appears that Congress did intend to increase the number of compassionate releases. But Congress chose to effectuate this goal, in

part, by allowing defendants to bring claims on their own accord—not by expanding the definition of "extraordinary and compelling reasons" nor changing the fact that the Commission is to define the term. The Court therefore holds § 1B1.13 is applicable, binding, and provides the exclusive list of extraordinary and compelling reasons that may justify compassionate release unless and until Congress, the Commission, or the Director provide for additional bases.

Consequently, Defendant's purported basis for compassionate release is not extraordinary and compelling. While an increased risk of catching a disease while incarcerated (such as COVID-19) might factor into a court's calculus into whether, in its discretion, compassionate release is appropriate once a defendant has satisfied the elements—it is not an extraordinary and compelling reason under § 1B1.13 unless the Director finds it to be so in a particular defendant's case. Since Defendant does not contend that he meets the criteria under § 1B1.13 cmt. n.1(A)–(C) or claim the Director has found Defendant's circumstance to be extraordinary and compelling, Defendant fails to satisfy this element. The Court accordingly denies the motion.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Emergency Motion for Compassionate Release (ECF No. 65) is DENIED.

IT IS SO ORDERED.

Dated July 8, 2020.

                                                      _____
                                                        ROBERT C. JONES
                                                  United States District Judge